UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM E. BAUGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:23-cv-00136-JMS-MKK |
| ) | |
| PARKE CO SHERIFF'S DPT, ) | |
| STATE OF INDIANA, ) | |
| PARKE COUNTY IN CIRCUIT COURT, ) | |
| ) | |
| Respondents. ) | |

**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner William Baugh was convicted of possession of methamphetamine in Parke County, Indiana, in 2021. Mr. Baugh now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition must be denied because it is time-barred, and Mr. Baugh's claims are procedurally defaulted. Because Mr. Baugh's petition is time-barred and he is not entitled to equitable tolling, the respondent's motion to dismiss, dkt. [17], is **granted**, and Mr. Baugh's petition for a writ of habeas corpus is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue, and that Mr. Baugh's other pending motions should be **denied**.

**I. Background**

On April 5, 2021, a deputy with the Parke County Sheriff's Department observed a vehicle without a license plate light in Parke County and initiated a traffic stop down the road in Vermillion County. Dkt. 17-4 at 1. During the stop, the deputy determined that the license plate on the vehicle belonged to another vehicle. *Id.* Officers asked the driver, Mr. Baugh's wife, to step out of the

vehicle; Mr. Baugh, who was the passenger, said that he borrowed the vehicle so he would speak with officers. *Id.* The officer patted down Mr. Baugh and recognized a pipe used to ingest illegal narcotics in his pocket. *Id.* Officers called for a tow truck and began an inventory search of the vehicle. *Id.* at 2. Officers found a bag under the passenger seat that contained a large amount of cash, a total of 79 grams of methamphetamine, syringes, and a digital scale. *Id.* Officers seized a total of $1,269 from the car and from Mr. Baugh's person. *Id.*

The State originally charged Mr. Baugh in the Parke County Circuit Court with dealing methamphetamine, a Level 2 felony. Dkt. 17-1 at 1. On October 12, 2021, Baugh pleaded guilty to the lesser-included offense of possession of methamphetamine. *Id* at 8−9. On November 9, 2021, the trial court sentenced Mr. Baugh to 10 years, with five years suspended to probation. *Id.* at 9. Mr. Baugh did not file a notice of appeal to challenge his guilty plea or sentence. *Id.* at 9−10 (chronological case summary showing no activity related to appealing conviction).

In a separate civil proceeding initiated in Vermillion County, the State requested a forfeiture of the cash found in the truck. Dkts. 17-3, 17-6. On July 22, 2021, the forfeiture court entered a default judgment. Dkt. 17-3 at 3. The court subsequently entered an order for distribution. *Id.*

On December 20, 2022, Mr. Baugh filed a motion to dismiss and for immediate release in his criminal cause number. Dkt. 17-1 at 13; dkt. 17-5. Mr. Baugh alleged that the evidence in his criminal case was tampered with because the cash was separated from the other evidence and requested reversal of his conviction and release from custody. Dkt. 17-5 at 3−4. The trial court denied the motion the same day. Dkt. 17-1 at 13. Mr. Baugh attempted to appeal, but the appeal was dismissed with prejudice. Dkt. 17-2 at 2.

Mr. Baugh filed his petition for a writ of habeas corpus on March 30, 2023. Dkt. 2. Construing the petition liberally, he challenges the legality of the forfeiture process and asks that his conviction be overturned due to an improper search and jurisdictional issues with the arresting officers. *Id.* at 1−4. Since filing the petition, Mr. Baugh has also filed a motion to appoint counsel, dkt. [14], a motion for prayer for relief, dkt. [16], a motion to add a statement of fact, dkt. [20], two motions regarding chain of custody, dkts. [24] and [26], and a motion for overview, dkt. [25].

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). This leaves two options for when a judgment becomes final. "For petitioners who pursue direct review all the way to th[e] [United States Supreme] Court, the judgment becomes final . . . when th[e] [United States Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (quotation marks omitted). "For all other petitioners, the judgment becomes final . . . when the time for pursuing direct review in th[e] [United States Supreme] Court, or in state court, expires." *Id.* (quotation marks omitted). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state

postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

### III. Discussion

Under 28 U.S.C. § 2244(d)(1)(A), Mr. Baugh's judgment became final on December 9, 2021, the day that his direct appeal notice of appeal was due. Dkt. 17-1 at 9; *see* Ind. App. R. 9(A)(1) (giving 30 days to file a notice of appeal); *Gonzalez*, 565 U.S. at 150. Mr. Baugh did not pursue a direct appeal. His statute of limitations expired one year later, on December 9, 2022. Even if the Court construed Mr. Baugh's December 20, 2022, motion in his criminal case as a petition for post-conviction relief, it did not toll the statute of limitations because he filed it 10 days after the limitation period expired.

A petitioner may only overcome the statute of limitations if he demonstrates that he is entitled to equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

In response to the motion to dismiss, Mr. Baugh makes the following argument with respect to the timeliness of the petition:

> The petitioner was made aware of someone tampering with the "SEIZED EVIDENCE" confiscated in case No. 61C01-2104-F2-108 when he received the chronological case summery log from Vermillion County Circuit Clerk no case No 83C01-2104-MI-0000017; this was in November of 2022. None of this money should have been removed from someone the Parke County Sheriffs DEPT, THE STATES ATTORNEY IN PARKE COUNTY CIRCUIT COURT #1, And THE HONORABLE JUDGE SAMUEL SWAIM, will not provide the name, nor position of said person. The evidence being 1,269.00 in U.S. CURENCEY. Therefore petitioner did and continues to be inside all windows and time lines of filing everything.

Dkt. 19 at 3 (errors in original). This argument—as well as many of Mr. Baugh's pending motions—attacks the propriety of the forfeiture proceedings. But relief under § 2254 is available

only for someone attacking "the fact or duration of one's sentence[;]" it is not available to challenge restitution or civil forfeiture proceedings. *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). Thus, Mr. Baugh's claims involving the forfeiture of the $1,269.00 is not cognizable on habeas review. *Id.* Even if the Court construed his response to address the legality of the search and seizure during his arrest, Mr. Baugh does not explain how an external obstacle prevented him from requesting the chronological case summary in the civil forfeiture case before November 2022. Thus, he is not entitled to equitable tolling. *Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020) (Equitable tolling applies when "some 'extraordinary circumstance', beyond the applicant's control, [ ] prevents timely filing; simple legal errors, such as ignorance of the federal deadline, do not suffice.") (quoting *Holland*, 560 U.S. at 649−52); and *Davis v. Humphrey*, 747 F.3d 497, 500 (7th Cir. 2014) ("[I]t is established that prisoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling.").

Because Mr. Baugh's petition is time-barred, the respondent's motion to dismiss, dkt. [17], is **granted**. The Court need not address the respondent's alternative argument that his claims are procedurally defaulted.

### IV. Other Pending Motions

Mr. Baugh moved for the appointment of counsel. Dkt. 14. District courts have the discretion to appoint counsel to indigent petitioners seeking habeas relief under 28 U.S.C. § 2254. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). If the petitioner is financially eligible for the appointment of counsel, the court must next consider whether "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "[T]he 'interests of justice' standard contemplates a peculiarly context-specific inquiry"; thus the Supreme Court has declined to "provide a general definition of the standard." *Martel v. Clair*, 565 U.S. 648, 663 (2012); *see Winsett*, 130 F.3d at 281

(reviewing the district court's denial of counsel under § 3006A(a)(2)(B) by considering if, given the difficulty of the case and the petitioner's ability, the petitioner "could not obtain justice without an attorney" and "would have had a reasonable chance of winning with a lawyer").

In his motion, Mr. Baugh states that he "cannot read or write without the help of others" and that he has mental disabilities that make him disabled within the ADA. Dkt. 14 at 1. Mr. Baugh does not explain the nature of these disabilities, and he does not mention them in the various motions that he has filed that show he is able to write and explain the nature of his claims. Nor did Mr. Baugh assert that he is entitled to equitable tolling because he has a disability that prevents him from understanding legal proceedings. *See* dkt. 19. Under these circumstances, it is not in the interests of justice to appoint counsel. The motion for counsel, dkt. [14], is **denied**.

Mr. Baugh's other motions— motion for prayer for relief, dkt. [16], motion to add statement of fact, dkt. [20], motion for complete accurate chain of custody, dkt. [24], motion for overview, dkt. [25], and motion regarding chain of custody, dkt. [26], are **denied**. These motions deal with the merits of his claims, which the Court does not reach because of its conclusion that his petition is time-barred.

## V. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists

could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where a claim is resolved on procedural grounds (such as the statute of limitations), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Baugh's petition was filed beyond the expiration of the one-year statutory limitations period, and he has not shown that he is entitled to equitable tolling. Jurists of reason would not disagree with this Court's resolution of this claim, and nothing about the claim deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

## VI. Conclusion

Mr. Baugh's petition for a writ of habeas corpus was filed after the expiration of the one-year time limitation. The respondent's motion to dismiss, dkt. [17], is therefore **granted**, and the petition for a writ of habeas corpus is **dismissed with prejudice**. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice"). A certificate of appealability is **denied**.

Mr. Baugh's other motions—motion to appoint counsel, dkt. [14], motion for prayer for relief, dkt. [16], motion to add statement of fact, dkt. [20], motion for complete accurate chain of custody, dkt. [24], motion for overview, dkt. [25], and motion regarding chain of custody, dkt. [26], are **denied**.

Case 2:23-cv-00136-JMS-MKK   Document 27   Filed 09/18/23   Page 8 of 8 PageID #: 280

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 9/18/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM E. BAUGH
913588
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov